## 19261.  LAWYERS CO-OPERATIVE PUBLISHING COMPANY *v.* MIDDLEBROOKS.

STEPHENS, J.  1. Where, under the terms of a contract, goods are to be shipped periodically in installments to the purchaser until notice by the purchaser to discontinue further shipments, and where periodic shipments have been made by the seller under the terms of the contract, and the goods so shipped have been delivered to the business address of the purchaser, and where, after having received the goods so shipped and delivered in periodic installments, the purchaser abandons his place of business and moves away therefrom, the seller's continuing shipment of further installments under the contract to the address furnished, and the delivery of them at this address, without knowledge by the seller of the purchaser's having abandoned his place of business and moved away, or without notice from the purchaser to the seller to discontinue further shipments, amounts to the seller's performance of the contracts.

2. In a suit to recover an alleged balance due on the purchase-price of law-books which the plaintiff had shipped, in periodic installments as contracted for, to the office address of the defendant, where the defendant filed a plea of general denial, and in his testimony admitted the execution of the contract and the shipment of the books, but further testified that he abandoned his law office and moved away, and subsequently he notified the plaintiff to discontinue further shipment of books, that the last payment which he made to the plaintiff and with which the plaintiff credited him was on a named date, and that this payment constituted payment in full for all the books which he had received from the plaintiff prior to the defendant's abandonment of his office and prior to the defendant's notification to the plaintiff not to ship any more books, that he did not write the plaintiff to discontinue the further shipment of books, but notified a named agent of the plaintiff to discontinue the shipment of any more books, and where it did not appear from the evidence that the defendant had any other transaction with this agent named by him, it must be inferred from the defendant's testimony, construing it most strongly against him as a party

to the case, as must be done, that the only notice respecting a discontinuance of further shipments of books, given by the defendant, was the notice given this named agent on the occasion testified to·by the defendant. Since it appears, from undisputed evidence, that the defendant's notice to the named agent of the plaintiff to discontinue the further shipment of books to the defendant was made upon a certain date when the defendant made the last payment credited on this account to this agent, and that no more books were shipped after that date, the evidence is insufficient to establish notice to the plaintiff not to ship to the defendant any of the books which the plaintiff actually shipped.

3. Where the only defense was that the defendant did not owe the alleged balance due for books alleged to have been shipped to him and received by him, that the alleged balance represented the price of books which he did not receive and which were shipped after he had notified the plaintiff to discontinue a further shipment of books, the testimony of the defendant that when he made the last payment to the plaintiff's agent the agent insisted on a payment of the full amount, but that the defendant "had a settlement with" the agent, must, construing this testimony most strongly against him as a party to the case, be taken as testimony not tending to establish a settlement in accord and satisfaction, but tending to establish a payment for the books only· which the defendant contended he had received and accepted under the terms of the contract.

4. Although certain of the books mentioned in the account sued on may not have been contracted for by the defendant before the books were shipped by the plaintiff, yet where they were received and accepted by the defendant, the defendant became liable to the plaintiff therefor.

5. The evidence, including the defendant's own testimony, demands the inference that the defendant is indebted to the plaintiff in some amount. The verdict found for the defendant therefore is unauthorized, and the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1929.

*E. H. George,* for plaintiff.  *W. M. Smith,* for defendant.

JENKINS, P. J., concurring specially.  I concur in the ruling of law set forth in the first division of the syllabus, and agree to the judgment, for the reason that under the present state of the record the only reasonable interpretation of defendant's testimony is that the only notice given to stop shipments was on December 28, 1920, and that no books were shipped after that date. If the defendant's testimony as a whole could have been reasonably construed to mean that a previous notice to stop shipments had been given prior to December 28, 1920, and that the amount sued for represented the purchase-price of books shipped after the giving of such notice, I would have entertained a different view as to the right and duty of this court to set aside the verdict.